[Civ. No. 7630. Fourth Dist., Div. One. July 8, 1966.]

HODCARRIERS, BUILDING AND COMMON LABORERS LOCAL UNION NO. 89 et al., Plaintiffs, Cross-defendants and Appellants, v. JOHN L. MILLER, Defendant, Cross-complainant and Respondent.

Brundage, Hackler & Williams, Jerry J. Williams, Kaminar, Sorbo, Andreen, Thorn & Gallagher and L. William McGrath, Jr., for Plaintiffs, Cross-defendants and Appellants.

Sankary, Sankary & Horn and Morris Sankary for Defendant, Cross-complainant and Respondent.

BROWN, P. J.—An intraunion controversy resulted in a judgment awarding cross-complainant John L. Miller $7,960.73 damages against the union and its officers, R. R. Richardson and Rudolph M. Moreno, for wrongfully removing him from office in the union, and punitive damages of $25 against Richardson and $50 against Moreno. The cross-defendants appeal.

Miller had been elected secretary-treasurer of the union for a term from January 13, 1961, to June 1, 1963. The union removed him from office August 10, 1962; six days later the union sued Miller in the superior court to enjoin him from remaining in office. Miller answered and cross-complained for damages for breach of contract and for conspiracy to induce a breach of contract. The $7,960.73 awarded Miller represented his salary for the balance of his term of office.

The issues at the trial, established by the pretrial order, concerned: (1) Whether Miller had exhausted his union remedies and rights of appeal; (2) whether the union had followed its constitutional procedures in convening and acting on the recommendations of the trial board; and (3) whether Miller had a fair union hearing, that is to say, whether he was "afforded those rudimentary rights which will give him a reasonable opportunity to defend against the charges made." (*Cason* v. *Glass Bottle Blowers Assn.*, 37 Cal.2d 134, 143 [231 P.2d 6, 21 A.L.R.2d 1387].) A determination of these issues would result in either an injunction against Miller's holding office if his discharge were proper, or an award of damages to Miller for his wrongful discharge. We have read the entire transcript and record; it is clear that these issues remain the principal issues before us on appeal, although appellants have raised numerous other points for the first time, which, on review, do not require recognition in most instances. This continues to be a simple breach of contract question.

The trial court found: Miller was the duly elected secretary-treasurer of the union at a salary of $200 a week for a term ending in June 1963. On August 10, 1962, the union wrongfully removed him and breached his employment contract. Richardson and Moreno unlawfully and maliciously conspired to falsely accuse Miller of unfaithful conduct in order to have him expelled from office; Miller was charged with violating the union's bylaws and constitution; the trial board was "packed" with Richardson's and Moreno's men; Miller was deprived of a fair and impartial hearing and was found guilty. Moreno, the local's president, failed to allow the findings and decision of the trial board to be submitted to the general membership for vote at the next regular meeting. Miller instituted proper appeal proceedings to the parent body, the International Union. A hearing was held, but the international refused to act on the appeal or to make any decision or determination. Miller followed all procedures and exhausted all of his remedies within union requirements. All the malicious acts of Richardson and Moreno were done by them within the scope of their employment and agency and on behalf of the union.

In June 1963, Richardson, Moreno, and Miller were defeated for reelection as union officers. The union's attorney, who previously had been representing Richardson and Moreno also in this matter, moved in July and August 1963 for leave to withdraw as counsel for the individuals because of a conflict between their interest and that of the union; the trial court denied this motion, stating the election did not produce any new conflict of interest.

Having invoked the jurisdiction of the state court by its injunction suit, the union, joined by its officers Richardson and Moreno, now seeks to deny that same jurisdiction to Miller for a settlement of the very issues for which the union sought the state court's jurisdiction, i.e., whether Miller rightfully held the office of secretary-treasurer, or to phrase the issue another way, whether Miller was wrongfully removed from office. The matter of damages, sought by Miller, added no new issue but merely flowed from the wrongful discharge or breach of contract if such existed.

The record clearly supports the findings as well as Miller's exhaustion of union remedies and compliance with its procedures. The International Union withheld its decision on appeal, awaiting the result of the action in the superior court. Even had exhaustion of remedies not taken place, Miller's position in the state court would be sound, based upon a

waiver by the union of the necessity to resort to union remedies: Having sued in the state court, the union waived the requirement of exhaustion (*Cf., Local 659, I.A.T.S.E.* v. *Color Corp. America,* 47 Cal.2d 189, 194 [302 P.2d 294] ; see *Holderby* v. *International Union, etc. Engrs.,* 45 Cal.2d 843, 846 [291 P.2d 483] ).

■ The union contends that federal labor legislation concerning expulsion of officers for negligence or dishonesty is controlling (29 U.S.C. § 401 et seq.) and that Miller, being an officer, is not entitled to treatment as a union member. The union, however, considered Miller a member. (R/T, pp. 35-36. See also *Cason* v. *Glass Bottle Blowers Assn., supra,* 37 Cal.2d 134, where plaintiff, as president of a union, had the same union rights as members.) Miller's employment contract was wrongfully breached by the appellants; he was not found to have been negligent or dishonest and the evidence shows neither negligence nor dishonesty on his part.

■ There was no error in the trial court having refused the union attorneys' motion to be relieved as attorneys for Richardson and Moreno after their defeat for reelection. This occurred during a recess in the trial, after the trial on the complaint but before trial on the cross-complaint. It was within the sound discretion of the trial court to make the determination, and no abuse of that discretion is demonstrated. ■ It is essential that a trial court retain ultimate control over a trial then in process, and should have wide latitude in determining whether, during such trial, counsel for one party should be allowed to withdraw. ■ Among such considerations is whether withdrawal will work an injustice upon the other party to the trial. (*Jones* v. *Green,* 74 Cal. App.2d 223, 231 [168 P.2d 418].) ■ The union's attorneys urged the conclusion (C/T, pp. 74, 94), unsupported by any facts, that a conflict of interest existed between the union and its deposed officers Richardson and Moreno. The trial court's response was that there was no new conflict of interest. The union argues before us that the new officers wanted to take appropriate protective action against the old officers Richardson and Moreno for their misdeeds to Miller. The discretion of the court extends to whether it will allow attorneys to abandon defeated officers, where no greater conflict of interest exists than before the election. If there were any merit to the attorneys' motion to be relieved, they should have sought to withdraw from the entire case, rather than from Richardson and Moreno only.

Lastly, the evidence clearly supports the findings that Richardson and Moreno are individually liable in this action, as they wrongfully induced the union to breach its contract with Miller.

Judgment affirmed.

Coughlin, J., concurred.

A petition for a rehearing was denied July 26, 1966, and the petition of the appellant union for a hearing by the Supreme Court was denied August 31, 1966.